UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MARIA MARDONES, an individual,

    Plaintiff,

v.

THE SAMURAI, INC., a Florida for-profit corporation, and THOMAS BALDWIN, an individual,

    Defendants.
_____/

COMPLAINT

## **COMPLAINT**

COMES NOW Plaintiff MARIA MARDONES ("Mardones" or "Plaintiff"), on her own behalf and on behalf of those similarly situated, who was an employee of Defendants, THE SAMURAI, INC., a Florida for-profit corporation ("Samurai"), and THOMAS BALDWIN, an employer/individual ("Baldwin") (together, "Defendants"), and brings this action for unpaid minimum wage compensation, unpaid overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (hereinafter, the "Act" or "FLSA"), Article X, Section 24 of the Florida Constitution and Fla. Stat. § 448.110 (together, the "FMWA") and for a declaration of rights.

1. This action is brought pursuant to the FLSA under its three-year maximum statute of limitations ("FLSA Relevant Time Period") for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief.

1

2. Additionally, this action is brought pursuant to the FMWA under its five-year maximum statute of limitations ("FMWA Relevant Time Period") for unpaid minimum wage compensation, liquidated damages, and other relief.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

## II.  JURISDICTION AND VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

5. This Court has original jurisdiction over Plaintiff's federal question claims.

6. This Court has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C § 1367(a).

## III.  PARTIES

7. Plaintiff MARDONES is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

8. Defendant THE SAMURAI, INC. is a Florida profit corporation that owns and operates The Samurai restaurant located at 8717 Southwest 136th Street, Pinecrest, Miami-Dade County, Florida.

9. Defendant THOMAS BALDWIN ("Baldwin"), an individual and *sui juris*, was the owner and operator of THE SAMURAI, INC. d/b/a The Samurai ("The Samurai"), the restaurant at which Plaintiff was employed. Baldwin acted directly and indirectly in the interest of The

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Samurai. Baldwin managed The Samurai and had the power to direct employees' actions. Baldwin had management responsibilities, degree of control over The Samurai's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the Restaurant in accordance with the FLSA and FMWA, making Defendant Defendant Baldwin an employer pursuant to 29 USC § 203(d) and Art. X, Sect. 24 of the Fla. Constitution.

10. Pursuant to Florida Statutes, Section 448.110(6), Plaintiff served notice to Defendants of their intent to file this action on March 31, 2017. All conditions precedent to the filing of the lawsuit have occurred or have been waived.

## IV. COVERAGE

11. During all times material, Defendant THE SAMURAI, INC. was an enterprise covered by the FLSA and the FMWA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, because the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. During all material times, Defendant THE SAMURAI, INC. was an employer as defined by 29 U.S.C. § 203(d).

13. During all material times, Defendant THOMAS BALDWIN was an employer as defined by 29 U.S.C. § 203(d).

3

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

14. During all material times, the enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## IV.  FACTUAL ALLEGATIONS

15. Mardones worked for the Defendants as a server at The Samurai, located on Southwest 136th Street in Miami, Florida, from approximately December, 2003 to March, 2017.

16. Throughout the Relevant Time Periods, Defendants paid Mardones a wage below the Florida minimum wage as a tipped employee.

17. During the Relevant Time Periods, Mardones did not retain all the tips she received from her customers, but was required to share her tips with ineligible non-tipped employees such as kitchen workers and prep cooks, among others.

18. During the 3-year FLSA Relevant Time Period, the applicable Florida minimum wage was $7.93 in 2014, $8.05 per hour in 2015 and 2016, and $8.10 per hour in 2017; and the overtime wage rate was $11.895 per hour in 2014, $12.075 per hour in 2015 and 2016, and $12.15 per hour in 2017.

19. During the 5-year FMWA Relevant Time Period, the applicable Florida minimum wage was $7.67 per hour in 2012; $7.79 per hour in 2013; $7.93 per hour in 2014; $8.05 per hour in 2015 and 2016; and $8.10 per hour in 2017.

20. Under the FMWA and FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. The burden is on the employer to prove they are entitled to apply the tip credit.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

21. To utilize the tip credit under the FMWA and FLSA, the employer must pay its tipped employees the proper minimum wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum wage.

22. Throughout her employment, Mardones was required to contribute a portion of her tips to a tip pool that included employees who do not customarily and regularly receive tips, such as prep cooks and other kitchen personnel, in an illegal tip-sharing scheme in violation of the FLSA and FMWA.

23. Mardones was never given proper notice of the provisions of 29 U.S.C. § 203(m).

24. Because of the institution and maintenance of the illegal tip-sharing scheme and tip credit violations during the Relevant Time Periods, Defendants willfully engaged in practices that denied Plaintiff the applicable minimum wage and overtime wage under the FLSA and FMWA.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I
### FAILURE TO PAY MINIMUM WAGE IN
### VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

26. Plaintiff reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein and further alleges as follows:

27. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-sharing scheme in she was required to share her tips with non-tipped employees.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

28. Defendants did not provide Plaintiff with the requisite notice for instituting the tip credit under the FLSA.

29. By forcing Plaintiff to share tips with non-tipped employees, Defendants cannot claim the tip credit and therefore owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

30. As a direct and proximate result of forcing Plaintiff to share tips with non-tipped employees, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff MARIA MARDONES demands judgment in her favor and against Defendants as follows:

a) Award to Plaintiff for payment of all hours worked up to forty per week at the full minimum wage;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty per week at the full minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

31. Plaintiff reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein and further alleges as follows:

32. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-sharing scheme in she was required to share her tips with non-tipped employees.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

33. Defendants did not provide Plaintiff with the requisite notice for instituting the tip credit under the FLSA.

34. By forcing Plaintiff to share tips with non-tipped employees, Defendants cannot claim the tip credit and therefore owe Plaintiff the full overtime wage for each hour worked in excess of forty hours in a week.

35. As a direct and proximate result of forcing Plaintiff to share tips with non-tipped employees, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff MARIA MARDONES demands judgment in her favor and against Defendants as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty per week at the rate of one-and-a-half times her regular rate of pay;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty per week at the rate of one-and-a-half times her regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

**COUNT III**
**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF**
**THE FLORIDA CONSTITUTION, ARTICLE X, SECTION 24**

36. Plaintiff reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein and further alleges as follows:

37. This action is brought pursuant to the Florida Constitution for failure to pay Plaintiff, who was employed by Defendants, within the past five (5) years at least the full minimum wage

for all hours worked pursuant to Fla. Cont. Art. X § 24(c) ("Employers shall pay Employees Wages no less than the Minimum Wage for all hours worked in Florida.").

38. During the Relevant Time Period, Defendants willfully violated the Florida Constitution, Article X, § 24 by failing to pay Plaintiff the minimum wage required by Florida law.

39. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-sharing scheme in which Plaintiff was required to share her tips with non-tipped employees, such as kitchen workers and prep cooks.

40. By forcing Plaintiff to share tips with non-tipped employees, Defendants cannot claim the tip credit and therefore owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

41. As a direct and proximate result of forcing Plaintiff to share tips with non-tipped employees, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiffs MARIA MARDONES demands judgment in her favor and against Defendants as follows:

a) Award to Plaintiff payment of all hours worked up to forty in a week at the full minimum wage due her under Article X, Section 24 of the Florida Constitution;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty in a week at the full minimum wage owed under Article X, Section 24 of the Florida Constitution or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## JURY DEMAND

Plaintiff requests a trial by jury on all of her claims.

Respectfully submitted April 25, 2017,

**/s Robert W. Brock II, Esq.**
Robert W. Brock II
*Law Office of Lowell J. Kuvin*
Fla. Bar No.:075320
robert@kuvinlaw.com
17 East Flagler St. Suite 223
Miami Florida 33131
Tele:   305.358.6800
Fax:    305.358.6808
*Attorney for Plaintiff*

9

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808