UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-21543-Civ-TORRES

MARIA MARDONES, an individual,

    Plaintiff,

v.

THE SAMURAI, INC., a Florida
for-profit corporation, and THOMAS
BALDWIN, an individual,

    Defendants.

_____/

## ORDER ON DEFENDANTS' MOTIONS IN LIMINE

This matter is before the Court on The Samurai, Inc.'s ("Samurai) and Thomas Baldwin's ("Mr. Baldwin") (collectively, "Defendants") motions in limine against Maria Mardones ("Plaintiff"). [D.E. 49-50]. Plaintiff did not respond to either of Defendants' motions and the time to do so has now passed. Therefore, Defendants' motions are now ripe for disposition. After careful consideration of the motions and relevant authority, Defendants' motions are **GRANTED**.[1]

---

[1] Because Plaintiff failed to respond in opposition to Defendants' motions in limine, the motions may also be granted by default under Local Rule 7.1. *See, e.g.*, *Rogers v. Gifford Groves, Ltd.*, 2009 WL 10668261, at *1 (S.D. Fla. Nov. 10, 2009) ("This Court notes at the outset that the Parties have needlessly complicated the review of their motions in limine by failing to file Responses. Failure to file a Response and opposing memorandum of law is grounds to grant a motion by default, pursuant to Local Rule 7.1").

1

## I. BACKGROUND

Plaintiff, a former server, alleges violations of both the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA") against her former employer, Samurai, and its CEO. Plaintiff seeks damages because she was paid below the minimum wage when she was required to share her tips with non-tipped employees from April 25, 2012 through February 2017. These employees included kitchen workers and management. The primary issue in this case is whether Plaintiff was required to share her tips with non-tipped employees at the Samurai Restaurant where she once worked during the relevant time period.

## II. APPLICABLE PRINCIPLES AND LAW

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Under the Federal Rules of Evidence, evidence is considered relevant as long as it has the tendency to make a fact of consequence more or less probable. See Fed. R. Evid. 401(a)-(b). The Rules permit the exclusion of relevant evidence when the probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403 (emphasis added). Courts are cautioned to use Rule 403 sparingly, *see, e.g., United States v. King*, 713

F.2d 627, 631 (1983), in part because the federal rules favor admission of evidence and in part because relevant evidence is inherently prejudicial to a criminal defendant. *See id.* (citing to other sources).

The term "unfair prejudice" in and of itself speaks to the ability of a piece of relevant evidence to lure the fact finder into declaring a defendant's guilt on grounds other than specific proof of the offense charged. *Old Chief v. United States*, 519 U.S. 172, 180 (1997). It also signifies an undue tendency to suggest guilt on an improper basis, commonly an emotional one. *See id.* In the context of a Rule 403 balancing test, the more essential the piece of evidence is to a case, the higher its probative value; the higher a piece of evidence's probative value, the less likely it should be excluded on 403 grounds. *See King*, 713 F.2d at 631.

Rule 404(b) provides that while evidence of a defendant's other crimes, wrongs, or acts is inadmissible to prove a defendant's actions conform with his character, such evidence may be admitted for other purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Essentially, Rule 404(b) "protects against the introduction of extrinsic act evidence when that evidence is offered solely to prove character." *Huddleston v. United States*, 485 U.S. 681, 687 (1988). For evidence of other crimes or acts to be admissible under Rule 404(b), (1) the evidence must be relevant to an issue other than defendant's character, (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the extrinsic act(s) in question, and (3) the probative

3

value of the evidence cannot be substantially outweighed by undue prejudice. *See, e.g., United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000). The evidence must also pass a 403 balancing test. *Id.* To meet the second prong of the three-part test above, the Government need only make a sufficient showing under which a jury could believe the act actually happened. *See generally Huddleston*, 485 U.S. 681.

Evidence falls outside the scope of Rule 404(b) when it is (1) an uncharged offense that arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense. *United States v. Baker*, 432 F.3d 1189, 1205 n.9 (11th Cir. 2005) (quoting another source).

> Evidence not part of the crime charged but [that] pertain[s] to the chain of events explaining the context, motive[,] and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime . . . forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

*United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). Such evidence must also still satisfy the requirements of Rule 403. *See Baker*, 432 F.3d at 1189.

### III.  ANALYSIS

#### A.  *Defendants' Motion to Exclude Evidence of Manager's To-Go Orders and Plaintiff's Transition to Lunch Shifts*

On May 21, 2018, Defendants filed a motion in limine to exclude evidence of a manager's to-go orders and Plaintiff's transition to working lunch shifts. [D.E. 50]. In a deposition, Plaintiff alleges that her manager, Mr. Goldizen, gave customer discounts on to-go orders that were placed under Plaintiff's name. [D.E. 32-1].

4

Plaintiff did not appreciate Mr. Goldizen's discount practices and started working lunch shifts, instead of dinner shifts, to avoid working with Mr. Goldizen. Plaintiff also suggested in her deposition that to-go orders were unrelated to tips she received at the restaurant. Because Defendants anticipate that Plaintiff will seek to introduce testimony and documents regarding Mr. Goldizen's discount practices, Defendants conclude that any evidence of these practices must be excluded because it would be irrelevant, confusing, and misleading to the jury.

Defendants' motion is well taken because – by Plaintiff's own admission – Mr. Goldizen's alleged discounts on to-go orders are irrelevant to the facts of this case. Plaintiff was never required to share the tips she received from to-go orders and Mr. Goldizen's discount practices had no relationship to Plaintiff's wages. We therefore conclude that (1) Mr. Goldizen's discount practices on to-go orders and (2) Plaintiff's transition to working lunch shifts are not relevant to the issues presented because they do not make the existence of any fact of consequence more or less probable. Accordingly, Defendants' motion in limine is **GRANTED**.

### B.     *Defendants' Motion to Exclude Evidence of a Loan*

Next, Defendants seek to exclude any evidence relating to a series of loan transactions between Plaintiff and Samurai General Manager, Steven Lozada ("Mr. Lozada"), and any loans by other employees to Mr. Lozada. Defendants filed their motion because Plaintiff may seek to introduce evidence that she was forced to share her tips with Mr. Lozada and that her tip money funded those loans. In 2013

and 2014, Plaintiff loaned Mr. Lozada $3,500[2] and kept contemporaneous notes of the amounts she sent at both the time she lent the money and during her deposition. [D.E. 32-1]. Mr. Lozada repaid a portion of the loan in 2014 and the remaining balance in early 2018. And similar to Plaintiff [D.E. 32-1 at 112:1-6; 163:22-164:7], Mr. Lozada has specifically characterized these transactions as a loan during his deposition. [D.E. 32-4 at 65:25-66:6]. Because any evidence regarding the loan amounts of Mr. Lozada's financial transactions are irrelevant to the facts of this case, Defendants conclude that they must be excluded.

After an independent review of the underlying record, Defendants' motion is persuasive because evidence regarding a loan transaction does not relate to any fact of consequence in determining the issues in this case.[3] But, even if we accept as true that Defendants violated the FLSA, there is still no evidence that a loan transaction is relevant because Defendants' obligation under the FLSA was to ensure that Plaintiff received the money she was owed. If Plaintiff decided to loan other employees money after she received it, the loans are irrelevant to whether Defendants complied with the FLSA. Therefore, Defendants' motion in limine to exclude any evidence of loan transactions between Plaintiff and Mr. Lozada – or between Mr. Lozada and any other employees – is **GRANTED**.

---

[2]   The purpose of the loans was to assist Mr. Lozada in a martial separation.

[3]   As our Order on summary judgment found, this loan transaction does not give rise to any FLSA liability.

## *IV.  CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' motions in limine [D.E. 49-50] are **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of July, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge
