UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-21543-Civ-TORRES

MARIA MARDONES, an individual,

    Plaintiff,

v.

THE SAMURAI, INC., a Florida
for-profit corporation, and THOMAS
BALDWIN, an individual,

    Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION IN LIMINE

This matter is before the Court on Maria Mardones' ("Plaintiff") motion in limine against The Samurai, Inc. ("Samurai") and Thomas Baldwin ("Mr. Baldwin") (collectively, "Defendants"). [D.E. 51]. Defendants responded on June 4, 2018 [D.E. 53] to which Plaintiff replied on June 11, 2018. [D.E. 54]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, and relevant authority, Plaintiff's motion is **DENIED**.

### I.   BACKGROUND

Plaintiff, a former server, alleges violations of both the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA") against her former employer, Samurai, and its CEO. Plaintiff seeks damages because she was paid below the minimum wage when she was required to share her tips with non-tipped employees from April 25, 2012 through February 2017. These employees included

1

kitchen workers and management. The primary issue in this case is whether Plaintiff was required to share her tips with non-tipped employees at the Samurai Restaurant where she worked during the relevant time period.

## II.   APPLICABLE PRINCIPLES AND LAW

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Under the Federal Rules of Evidence, evidence is considered relevant as long as it has the tendency to make a fact of consequence more or less probable. See Fed. R. Evid. 401(a)-(b). The Rules permit the exclusion of relevant evidence when the probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403 (emphasis added). Courts are cautioned to use Rule 403 sparingly, *see, e.g., United States v. King*, 713 F.2d 627, 631 (1983), in part because the federal rules favor admission of evidence and in part because relevant evidence is inherently prejudicial to a criminal defendant. *See id*. (citing to other sources).

The term "unfair prejudice" in and of itself speaks to the ability of a piece of relevant evidence to lure the fact finder into declaring a defendant's guilt on grounds other than specific proof of the offense charged. *Old Chief v. United States*,

2

519 U.S. 172, 180 (1997). It also signifies an undue tendency to suggest guilt on an improper basis, commonly an emotional one. *See id.* In the context of a Rule 403 balancing test, the more essential the piece of evidence is to a case, the higher its probative value; the higher a piece of evidence's probative value, the less likely it should be excluded on 403 grounds. *See King*, 713 F.2d at 631.

Rule 404(b) provides that while evidence of a defendant's other crimes, wrongs, or acts is inadmissible to prove a defendant's actions conform with his character, such evidence may be admitted for other purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Essentially, Rule 404(b) "protects against the introduction of extrinsic act evidence when that evidence is offered solely to prove character." *Huddleston v. United States*, 485 U.S. 681, 687 (1988). For evidence of other crimes or acts to be admissible under Rule 404(b), (1) the evidence must be relevant to an issue other than defendant's character, (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the extrinsic act(s) in question, and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice. *See, e.g., United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000). The evidence must also pass a 403 balancing test. *Id.* To meet the second prong of the three-part test above, the Government need only make a sufficient showing under which a jury could believe the act actually happened. *See generally Huddleston*, 485 U.S. 681.

Evidence falls outside the scope of Rule 404(b) when it is (1) an uncharged

3

offense that arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense. *United States v. Baker*, 432 F.3d 1189, 1205 n.9 (11th Cir. 2005) (quoting another source).

> Evidence not part of the crime charged but [that] pertain[s] to the chain of events explaining the context, motive[,] and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime . . . forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

*United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). Such evidence must also still satisfy the requirements of Rule 403. *See Baker*, 432 F.3d at 1189.

### III.  ANALYSIS

There are two issues to address in Plaintiff's motion in limine.[1] Plaintiff argues that any evidence relating to (1) her termination or (2) allegations that she committed fraud or theft are irrelevant to the facts of this case and that presenting them at trial will be unduly prejudicial. Plaintiff believes that the only reason Defendants want to introduce evidence on these topics is to prejudice the jury. Because this case is not an employment termination or retaliation matter, Plaintiff concludes that topics relating to her termination, fraud, or theft must be excluded.

In response, Defendants argue that the reasons underlying Plaintiff's termination and allegations that she committed fraud or theft are relevant because

---

[1]  Plaintiff's motion also sought to exclude additional evidence, including (1) references to attorney's fees, (2) costs, (3) liquidated damages, (4) Plaintiff's prior lawsuits, (5) the amount of tips she received, and (5) her declarations of those tips. Defendants agreed to not introduce any evidence of these issues at trial and therefore Plaintiff's motion with respect to these topics is **DENIED as moot**.

4

they relate to Plaintiff's credibility. Defendants implemented a Guest Satisfaction Survey program where customers received an invitation to complete an online survey rating their dining experience. Information relating to how to complete the survey was included in the guest receipt. Guests were instructed to complete the survey online and only after completing the surveys would they receive a coupon code for either $5 or a $10 discount to a future visit at the restaurant. Defendants noticed that the number of completed customer surveys did not correlate to the number of coupon codes redeemed and applied to guest checks. An investigation allegedly revealed that the number of coupons that Plaintiff redeemed on her guest checks far exceeded, not only the coupons redeemed by all other servers at the restaurant, but also servers at other restaurants nationwide. As such, Defendants terminated Plaintiff because she engaged in a scheme to manipulate customer's coupon codes.

Defendants agree with Plaintiff that the reason she was terminated has no bearing on any alleged violation of the FLSA or the FMWA. But, Defendants suggest that evidence of Plaintiff's termination and allegations that she committed fraud are relevant because they relate to Plaintiff's credibility. Defendants rely primarily on Fed. R. Evid. 608(b), which provides that "the court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness . . . ." Fed. R. Evid. 608. Defendants also rely on several cases where courts have allowed evidence of a plaintiff's termination or performance – even in matters where there is

5

no retaliation component – when the evidence may be probative of truthfulness. *See, e.g.*, *Bauer v. Singh*, 2011 WL 320189, at *2 (S.D. Ohio Jan. 28, 2011) ("[E]ven in the absence of Plaintiffs' retaliatory discharge claims, evidence of Freeze and Cassidy stealing from their employer is probative of their truthfulness, especially in this case where their estimates of hours worked will be an essential issue presented to the jury. Therefore, such conduct may 'be inquired into on cross-examination[.]'") (citing Fed. R. Evid. 608(b); *Smith v. Specialty Pool Contractors,* 2009 WL 799748 (W.D. Pa. Mar. 25, 2009)).[2]

Moreover, Defendants contend that Plaintiff fails to provide any specific argument as to why the evidence in dispute would be unduly prejudicial. Defendants concede that Plaintiff's untruthfulness would always, in some respects, be prejudicial. But, Defendants believe that the relevant question is to what degree the evidence would be *unduly* prejudicial to warrant exclusion. And to meet that threshold, Defendants suggest that the evidence must do more than merely affect Plaintiff's credibility. Therefore, Defendants conclude that evidence of Plaintiff's credibility is relevant to the facts of this case and that Plaintiff's motion in limine must be denied.

Defendants' response is well taken for at least two important reasons. First, Plaintiff fails to explain why evidence of her termination or allegations of fraud or

---

[2] *See also Wink v. Ott*, 2012 WL 1979461, at *1 (M.D. Pa. June 1, 2012) (denying plaintiff's motion in limine seeking to exclude evidence of plaintiff's termination because "the circumstances surrounding Plaintiff's termination and his motivations for filing suit against Defendants are relevant to his credibility.") (citing *Blakeslee v. Shaw Infrastructure, Inc.,* 2011 WL 4529775, at *2 (D. Alaska Sept. 30, 2011) (ruling on a motion in limine that the circumstances of an employee's termination were relevant to the employee's credibility)).

theft would be unduly prejudicial.  Plaintiff merely claims in a conclusory manner that the evidence would prejudice the jury.  But, without any specifics addressing the prejudicial nature of the evidence in dispute, we are left with a hollow argument.  *See Strategic Decisions, LLC v. Martin Luther King, Jr. Ctr. for Nonviolent Soc. Change, Inc.*, 2015 WL 4727143, at *6 (N.D. Ga. Aug. 10, 2015) ("Defendant's motion to exclude evidence regarding Robert Adams' lawsuit is denied at this time because the motion contains conclusory assertions that are not supported by facts, and Defendant has failed to identify with specificity and particularity, the documents it seeks to exclude."); *United States v. Grigorian*, 2007 WL 9628325, at *2 (S.D. Fla. Jan. 3, 2007) ("Grigorian has not made any argument as to why this evidence was unfairly prejudicial other than to state in a conclusory fashion that this staged interview was 'improper' and that the statements made in the interview were prejudicial.").  As such, we have no basis to find that the probative value of the evidence would be substantially outweighed by a danger of unfair prejudice and therefore Plaintiff's motion in limine must be **DENIED**.

Plaintiff's motion is also unpersuasive because, even in non-termination/retaliation FLSA cases, evidence of wrongdoing – such as fraud or theft – is probative of truthfulness.  *See Specialty Pool Contractors*, 2009 WL 799748, at *2 ("Defendant . . . seeks to introduce non-extrinsic evidence of Plaintiff's 'theft' related termination from employment with Jiffy Lube, which will be offered solely as a fact bearing on the truthfulness of Plaintiff as a witness.  The Court agrees

7

with Defendant that character evidence as to Plaintiff's truthfulness and credibility will be particularly relevant in this case"). Here, the primary issue is whether Plaintiff was required to share her tips with non-tipped personnel. This means that, if this case proceeds to trial, the jury will need to assess the credibility of the witnesses in determining (1) whether the tip pool prior to July 2013 was voluntary, and (2) whether the mandatory tip pool distributed Plaintiff's tips to non-tipped employees. Resolving these contested issues of fact will be critical in the disposition of this case and Plaintiff's credibility may be the determining factor. Therefore, Plaintiff's motion in limine is **DENIED** and evidence of Plaintiff's termination or fraudulent activity may be used to the extent allowed under Fed. R. Evid. 608(b).[3]

### IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion in limine is **DENIED**. [D.E. 51].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of July, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] The denial of the motion does not preclude Plaintiff from seeking a limiting instruction during the trial to focus the jury on the reasons why the evidence was introduced.